UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MELINDA SANCHEZ,

        Plaintiff,

vs.

THE CITY OF NEW YORK, a municipal entity,
POLICE OFFICER NOEL GUTIERREZ
(Shield No. 03448), POLICE OFFICER ETHAN ABEND,
POLICE OFFICERS JOHN DOE and RICHARD ROE
(names and number of whom are unknown at present),
and other unidentified members of the New York City
Police Department, New York City Police Supervisors
and Commanders RICHARD ROEs 1-50,

        Defendants
------------------------------------------------------------X



COMPLAINT

JURY TRIAL
DEMANDED

## PRELIMINARY STATEMENT

1. This is civil rights action in which the Plaintiff seeks relief for the Defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth, Fifth, Sixth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff was falsely arrested by the Defendants, members of the New York City Police Department (hereinafter "NYPD") and maliciously prosecuted.

2. Defendant City is liable for the individual Defendants' acts under the theory of *respondeat superior*. At the time of the incidents, they were acting under color of state law in the course and scope of their employment at Defendant City and/or the NYPD, an agency of Defendant City.

1

3. As a result of the aforementioned constitutional violations, Plaintiff suffered emotional, mental and psychological pain and suffering.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

5. Plaintiff further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

7. Plaintiff is and was at all times relevant herein a resident of the City of New York, State of New York.

8. Defendant GUTIERREZ, shield # 03448, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On December 7, 2011, in which he falsely arrested Plaintiff, he was assigned to the Housing PSA 4. He is being sued in his individual capacity.

9. Defendant ABEND, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On December 7, 2011, in which he falsely arrested Plaintiff, he was assigned to the Housing PSA 4. He is being sued in his individual capacity.

10. New York City Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the NYPD, are and were at all times relevant herein officers, employees and agents of the NYPD. Officers John Doe and Richard Roe are being sued herein in their individual capacities for their participation in the false arrest of Plaintiff.

11. New York City Police Supervisors and Commanders Richard Roes 1-50 are and were at all times relevant herein involved in the false arrest and malicious prosecution of Plaintiff. They are sued individually and in their official capacities for their participation in the false arrest of Plaintiff.

12. Each and all of the acts of the Defendants alleged herein were undertaken by said Defendants while acting in the course and scope of their duties and functions as agents, employees, and officers of the City of New York and/or the NYPD when engaging in the conduct described herein.

13. At all times relevant herein, Defendants acted for and on behalf of the City of New York and/or the NYPD in furtherance of their employment by Defendant City, with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and/or

incidentally to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

14. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

15. At approximately 8:00 p.m. on December 6, 2011, Plaintiff arrived at 50 Avenue D, New York, New York where her friends, Zulake Veitia and Ciara Lozada.

16. At no time did Plaintiff ever live at 50 Avenue D, New York, New York.

17. On December 6, 2011, Plaintiff's residence was located at 178 Avenue D, Apt 6H, New York, New York.

18. At approximately 6:00 a.m., on December 7, 2011, Defendants GUTIERREZ, ABEND and Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the NYPD, executed a search warrant and forcibly entered the apartment.

19. Defendant GUTIERREZ, ABEND and Defendant Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the NYPD were dressed in plain clothes. They wore helmets and bullet proof vests.

20. They forcibly entered the apartment. They began yelling and screaming at Plaintiff, Ms. Veitia and Ms. Lozada, and drew their guns and pointed them at them.

21. In the course of the confrontation, Defendants GUTIERREZ, ABEND and Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the NYPD, struck Plaintiff.

22. Plaintiff, Ms. Veitia and Ms. Lozada were handcuffed and detained.

23. While detained, Plaintiff pleaded with Defendant GUTIERREZ, ABEND and Defendant Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the NYPD, that she had no knowledge of any criminal activity at the apartment, did not live there and was innocent.

24. While Plaintiff, Ms. Veitia and Ms. Lozada were detained, Defendant GUTIERREZ, ABEND and Defendant Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the New York City Police Department allegedly recovered 13 bags of cocaine in a kitchen cabinet and marijuana from a bedroom and marijuana from the kitchen.

25. Despite Plaintiff's pleadings and lack of connection to the apartment Defendant GUTIERREZ, ABEND and Defendant Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the New York City Police Department placed Plaintiff under arrest and transported her to a nearby precinct.

26. Plaintiff was charged with Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York Penal Law §220.16(1), and other related charges.

27. On December 7, 2011, Ms. SANCHEZ did not commit the crimes of Criminal

Possession of a Controlled Substance in the Third Degree or any of the other related charges. In addition, at no point did Ms. SANCHEZ act suspiciously, commit any crime or do anything that might reasonably have aroused police suspicion. Rather, she was merely present inside 50 Avenue D, New York, New York, when a search warrant was executed.

28. Plaintiff was held at the local precinct for several hours.

29. While at the local precinct, Plaintiff was told by Defendant GUTIERREZ, ABEND and Defendant Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the New York City Police Department that there was no evidence against her.

30. Despite having no probable cause to arrest and prosecute Plaintiff, Defendants New York City Police Supervisors and Commanders Richard Roes 1-50, who were the supervising officers, reviewed, approved, and ratified the arrest of Plaintiff.

31. After being held at the precinct for several hours, Plaintiff was transported to Criminal Court located at 100 Centre Street in New York County. She was arraigned on December 7, 2011 and pled not guilty. She was released on her own recognizance.

32. On or about December 19, 2011, the New York County District Attorney's Office learned that the alleged substances that were recovered tested negative for cocaine and were not controlled substances.

33. On February 29, 2012, the New York County District Attorney's Office dismissed all charges against Plaintiff.

### Plaintiff's Injuries and Damages

34. As a direct and proximate consequence of the aforementioned actions by the Defendants, Plaintiff:

    (1) Suffered severe emotional and mental anguish and pain;

    (2) Suffered psychological injuries;

    (3) Was denied her state and federal constitutional rights and liberties;

    (4) Was publicly shamed, disgraced, ridiculed and humiliated and suffered damage to reputation;

    (5) Incurred substantial legal fees;

    (6) Continues to suffer from psychological injuries, emotional and mental anguish and pain; and

    (7) Incurred other items of attendant damages.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 34 with the same force and effect as if more fully set forth at length herein.

36. Defendants who were acting within the scope of their employment, arrested and caused Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be free from an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United

States.

## SECOND CAUSE OF ACTION

### Malicious Prosecution/Fourth Amendment Rights

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 36, with the same force and effect as if more fully set forth at length herein.

38. The acts and conduct of the Defendants constitute malicious prosecution under the Fourth Amendment to the Constitution of the United States. Defendants commenced and continued a criminal proceeding against Plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to Plaintiff when on February 29, 2012, the charges against Plaintiff were dismissed.

## THIRD CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set forth at length herein.

41. The use of excessive force by the Individual Police Defendants in striking and using force against Plaintiff was an objectively unreasonable physical seizure of Plaintiff in violation of her rights under the Fourth Amendment of the United States Constitution.

## JURY DEMAND

42. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

b. For compensatory damages in an amount to be determined;

c. For punitive damages in an amount to be determined;

d. For reasonable attorneys' fees, together with costs and disbursements, pursuant to § 1988 and this Court's discretion;

e. For pre-judgment interest as allowed by law; and

f. For such other and further relief as this Court may deem just and proper.

DATED:    March 9, 2012
               New York, New York

Yours, etc.

By: ANTHONY CECUTTI
(AC 5867)
100 Lafayette Street, Suite 401
New York, New York 10013
(917) 741-1837

TO: CITY OF NEW YORK
c/o Corporation Counsel
100 Church Street
New York, New York 10007

DETECTIVE NOEL GUTIERREZ
Housing PSA 4

DETECTIVE ETHAN ABEND
Housing PSA 4

## ATTORNEY VERIFICATION

State of New York )
                       ) ss.:
County of New York )

ANTHONY CECUTTI, ESQ., an attorney duly admitted to practice before the courts of this district, affirms the following under penalty of perjury:

I am an attorney who represents the Plaintiff in this action. I have read the foregoing and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true. The reason this verification is made by me and not by the plaintiff is that she resides outside of New York County, the location of my offices.

_____
ANTHONY CECUTTI