UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| MELINDA SANCHEZ,<br><br>          **Plaintiff,**<br><br> -against-<br><br>**THE CITY OF NEW YORK,** a municipal entity, **POLICE OFFICER NOEL GUTIERREZ (Shield No. 03448), POLICE OFFICER ETHAN ABEND, POLICE OFFICERS JOHN DOE and RICHARD ROE** (names and number of whom are unknown at present), and other unidentified members of the New York City Police Department, New York City Police Supervisors and Commanders **RICHARD ROEs 1-50,**<br><br>          **Defendants.** | **ANSWER ON BEHALF OF DEFENDANTS CITY, GUTIERREZ AND ABEND**<br><br>12 CV 1789 (HB)<br><br>**JURY TRIAL DEMANDED** |

------------------------------------------------------------------------x

   Defendants, City of New York, Noel Gutierrez, and Ethan Abend, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully alleges as follows:

   1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

   2.  State that the allegations set forth in paragraph "2" of the complaint are conclusions of law rather than averments of fact, to which no response is required. To the exten a response is required, the answering defendants deny the allegations.

   3.  Deny the allegations set forth in paragraph "3" of the complaint.

   4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5. Deny the allegation set forth in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Noel Gutierrez is employed by the New York City Police Department (hereinafter "NYPD").

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Ethan Abend is employed by the NYPD.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, as they pertain to unidentified defendants.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, as they pertain to unidentified defendants.

12. State that the allegations set forth in paragraph "12" of the complaint, that the defendants were "acting in the course and scope of their duties" as "agents, employees and officers of the City of New York and or NYPD," are conclusions of law rather than averments of fact, to which no response is required.

13. State that the allegations set forth in paragraph "13" of the complaint, that the defendants "acted for and on behalf of the City of New York and/or NYPD" in "furtherance of

their employment" with the "power and authority vested in them," are conclusions of law rather than averments of fact, to which no response is required.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York. The answering defendants respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD").

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that on December 7, 2011 a search warrant was executed on 50 Avenue D, Apartment 4G, New York, New York.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that on December 7, 2011 a search warrant was executed on 50 Avenue D, Apartment 4G, New York, New York.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Admit the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that on December 7, 2011 a search warrant was executed on 50 Avenue D, Apartment 4G, New York, New York, and illegal substances were recovered as a result of the warrant execution.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit that plaintiff was placed under arrest and transported to a police precinct.

26. Admit the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint, except admit that plaintiff was arrested, arraigned and subsequently released. The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint, regarding plaintiff's plea.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint, regarding the New York County District Attorney Office's state of mind.

33. Admit the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint, including all its subparts.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit that the charges filed against plaintiff were dismissed on February 29, 2012.

39. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein. [1]

40. Deny the allegations set forth in paragraph "41" of the complaint.

41. State that the allegation set forth in paragraph "42" of the complaint is not an averment of fact that requires a response.

**FIRST AFFIRMATIVE DEFENSE:**

42. The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

43. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

**THIRD AFFIRMATIVE DEFENSE:**

44. Plaintiff provoked any incident.

---

[1] Please be advised that paragraph "39" appears to have been omitted from the complaint.

## FOURTH AFFIRMATIVE DEFENSE:

45. Defendant City, has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## FIFTH AFFIRMATIVE DEFENSE:

46. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

## SIXTH AFFIRMATIVE DEFENSE:

47. Defendants Gutierrez and Abend have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE:

48. At all times relevant to the acts alleged in the complaint, defendants Gutierrez and Abend acted reasonably in the proper and lawful exercise of their discretion.

## EIGHTH AFFIRMATIVE DEFENSE:

49. There was probable cause for plaintiff's arrest, detention, and prosecution.

## NINTH AFFIRMATIVE DEFENSE:

50. Plaintiff has failed to comply with New York General Municipal Law § 50(e), §50-h, and §50-i *et seq.*

## TENTH AFFIRMATIVE DEFENSE:

51. Punitive damages cannot be assessed against defendant City of New York.

## ELEVENTH AFFIRMATIVE DEFENSE:

52. Plaintiff failed to mitigate her alleged damages.

**WHEREFORE,** defendants City of New York, Noel Gutierrez and Ethan Abend request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 4, 2012

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants City, Gutierrez and Abend
100 Church Street
New York, New York 10007

By: /s/
Porsha Johnson
Assistant Corporation Counsel

**BY ECF:**
Anthony Cecutti, Esq.
*Attorney for Plaintiff*

12 CV 1789 (HB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**MELINDA SANCHEZ,**

                                      **Plaintiff,**

          -against-

**THE CITY OF NEW YORK, a municipal entity, POLICE OFFICER NOEL GUTIERREZ (Shield No. 03448), POLICE OFFICER ETHAN ABEND, POLICE OFFICERS JOHN DOE and RICHARD ROE (names and number of whom are unknown at present), and other unidentified members of the New York City Police Department, New York City Police Supervisors and Commanders RICHARD ROEs 1-50,**

                                    **Defendants.**

**ANSWER ON BEHALF OF DEFENDANTS CITY, GUTIERREZ AND ABEND**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Porsha Johnson*
*Tel: (212) 788-0424*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 2012*

*.......................................................................... Esq.*

*Attorney for................................................................*