Bron/J
2012-010283
SF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MELINDA SANCHEZ,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal entity, POLICE
OFFICER NOEL GUTIERREZ (Shield No. 03448),
POLICE OFFICER ETHAN ABEND, POLICE
OFFICERS JOHN DOE and RICHARD ROE (names and
number of whom are unknown at present), and other
unidentified members of the New York City Police
Department, New York City Police Supervisors and
Commanders RICHARD ROEs 1-50,

                                      Defendants.

------------------------------------------------------------------- x

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

12 CV 1789 (HB)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-14-12

**WHEREAS**, plaintiff, Melinda Sanchez, commenced this action by filing a complaint on or about March 9, 2012, alleging that the defendants violated plaintiff's federal civil rights; and

**WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS**, plaintiff has authorized their counsel to agree to the terms set forth below; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1.    The above-referenced action is hereby dismissed against defendants, City of New York, Noel Gutierrez, and Ethan Abend, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Melinda Sanchez the sum of Fifteen Thousand Dollars ($15,000), in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, General Releases based on the terms of paragraph 2 above and Affidavits of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

5. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of

the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

6. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
November 18, 2012

Romano & Kuan, PLLC
*Attorneys for Plaintiff*
100 Lafayette St. Suite 401
New York, New York 10013

By: _____
Anthony Ccutti, Esq.

Dated: New York, New York
_____, 2012

Dated: New York, New York
December 12, 2012

MICHAEL A. CARDOZO
Corporation Counsel
*Attorney for Defendants*
100 Church Street
New York, New York 10007

By: _____
*Assistant Corporation Counsel*

SO ORDERED:

_____
HON. HAROLD BAER
UNITED STATES DISTRICT JUDGE